Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
      jjm@johnsonmaylaw.com

*Attorneys for the Debtors*

Alexandra O. Caval, ISB: 7999
CAVAL LAW OFFICE, P.C.
248 Idaho Street S.
P.O. Box 1716
Twin Falls, ID 83303-1716
Phone: (208) 733-2035
Fax: (208) 733-3919
Email: alex@cavallawoffice.com

*Attorney for Bill and Susie Millenkamp*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 24-40158-NGH |
|---|---|
| MILLENKAMP CATTLE, INC., <br><br> Debtor. |  |
| Filing relates to: <br><br> ☐ ALL DEBTORS <br><br> ☒ Millenkamp Cattle, Inc. <br> ☒ Idaho Jersey Girls <br> ☒ East Valley Cattle <br> ☐ Millenkamp Properties <br> ☐ Millenkamp Properties II <br> ☒ Millenkamp Family | Jointly Administered With Case Nos.: <br><br> 24-40159-NGH (Idaho Jersey Girls) <br> 24-40160-NGH (East Valley Cattle) <br> 24-40161-NGH (Millenkamp Properties) <br> 24-40162-NGH (Millenkamp Properties II) <br> 24-40163-NGH (Millenkamp Family) <br> 24-40164-NGH (Goose Ranch) <br> 24-40166-NGH (Black Pine Cattle) <br> 24-40167-NGH (Millenkamp Enterprises) <br> 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

COMPLAINT FOR DECLARATORY RELIEF – Page 1

| | |
|---|---|
| ☐  Goose Ranch<br><br>☒  Black Pine Cattle<br><br>☒  Millenkamp Enterprises<br><br>☒  Idaho Jersey Girls Jerome Dairy<br><br>_____<br><br><br>MILLENKAMP CATTLE, INC., an Idaho corporation; EAST VALLEY CATTLE, LLC, an Idaho limited liability company; IDAHO JERSEY GIRLS JEROME DAIRY, LLC, an Idaho limited liability company; MILLENKAMP FAMILY, LLC, an Idaho limited liability company; MILLENKAMP ENTERPRISES, LLC, an Idaho limited liability company; BLACK PINE CATTLE, LLC, an Idaho limited liability company; IDAHO JERSEY GIRLS, LLC, an Idaho limited liability company; BILL MILLENKAMP, an individual; SUSIE MILLENKAMP, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE, LLC, as Agent on behalf of certain lenders including itself,<br><br>    Defendant.<br>_____ | Chapter 11 Cases<br><br><br><br><br><br><br><br>Adv. Case No.: 25-_____-NGH |

# COMPLAINT FOR DECLARATORY RELIEF

The Plaintiffs, MILLENKAMP CATTLE, INC., an Idaho corporation; EAST VALLEY CATTLE, LLC, an Idaho limited liability company; IDAHO JERSEY GIRLS JEROME DAIRY, LLC, an Idaho limited liability company; MILLENKAMP FAMILY, LLC, an Idaho limited liability company; MILLENKAMP ENTERPRISES, LLC, an Idaho limited liability company;

COMPLAINT FOR DECLARATORY RELIEF – Page 2

BLACK PINE CATTLE, LLC, an Idaho limited liability company (all collectively referred to here as the "Debtors"), by and through their counsel of record, Johnson May, and BILL MILLENKAMP and SUSIE MILLENKAMP (collectively referred to herein as "Millenkamp") and individually by first name), by and through their counsel of record, Caval Law Office, complain and allege as follows:

## NATURE OF ACTION

1. In this Adversary Proceeding, the Debtors and Millenkamp seek an order enjoining Rabo from taking certain actions related to the ownership interests of the Debtors.

## PARTIES

2. The Debtors are the Debtors of the above-referenced bankruptcy proceedings. Millenkamp is the equity owner of the Debtors.

3. Defendant Rabo AgriFinance, LLC, in a lending entity doing business in the District of Idaho, is a creditor of the Debtors, and is acting as Agent on behalf of other lender(s) under a loan agreement described below.

## JURISDICTION AND VENUE

4. This Adversary Proceeding arises under Title 11 of the United States Code and arises in or is related to the captioned Chapter 11 case now pending in the United States Bankruptcy Court of the District of Idaho, as Case Number 24-20183-NGH.

5. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 11 U.S.C. § 105 and 28 U.S.C. §§ 157, 2201 and 1334, all pursuant to the standard order of reference entered in this District.

COMPLAINT FOR DECLARATORY RELIEF – Page 3

6. The Plaintiffs assert the claims being pursued in this Adversary Proceeding are "core proceedings" pursuant to 28 U.S.C. § 157 and related authority. Nevertheless, to the extent the claims pursued herein are not core proceedings, the Plaintiffs expressly consent to the Bankruptcy Court entering final orders and judgment on all claims in this proceeding.

7. Venue is proper under 28 U.S.C. § 1409(a).

8. This proceeding is brought pursuant to 11 U.S.C. § 105, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

9. In 1996, Bill and Susie began a calf-raising operation. Since then, the Millenkamps operations have grown into a large vertically integrated agribusiness, comprised of five complementary divisions in which Bill and Susie and their four children are involved.

10. The calf ranch is operated at a Jerome, Idaho location and is made up of several hundred acres of land where approximately 50,000 calves reside. In 2006, Millenkamp started operating a dairy heifer feedlot in Declo, Idaho. At this location they began raising approximately 60,000 head of dairy cattle. In 2013, Millenkamp purchased the first dairy, and two years later, established Idaho Jersey Girls Dairy which at the time consisted of one milk barn, two rotaries and 15,000 head of dairy cattle that are located at the Declo, Idaho facility. In 2018, Millenkamp constructed an enclosed commodity barn and began construction of a cattle processing barn. In 2019, construction began for a second milk barn that was completed in 2020, which added an additional four rotary milking carousels to the Debtors' operations. In 2021, the Debtors further expanded with construction of a renewable energy methane digester with East Valley Development, LLC which is a partnership between BP and CleanEnergy.

11. In April 2021, the Debtors and Rabo executed a Third Amended and Restated Loan

and Security Agreement, dated as of April 21, 2021, as amended (the "Third Amended Agreement"), by and among the Debtors and Millenkamps, collectively as borrower, and Rabo, as sole lead arranger, agent, and swing-line lender (in its capacity as agent for the benefit of the other lenders and issuers identified in the Third Amended Agreement).

12. Pursuant to the Third Amended Agreement, the Debtors were provided with an asset-based revolving line of credit facility consisting of (a) revolving commitments in an aggregate amount of up to $91,000,00.00; (b) a swing-line credit facility for the Pre-Petition RLOC Agent to make Swing Line Advances (as defined in the Pre-Petition RLOC Credit Agreement) in an aggregate amount of up to $7,500,000.00; and (c) a letter-of-credit facility for the issuance of stand-by letters of credit in an aggregate amount of up to $1,000,000.00.

13. Under the terms of the Third Amended Agreement, the Debtors and Millenkamp granted to Rabo a security interest to and in substantially all of the Debtors' and Millenkamps' personal property, excluding their real property, and all other property defined as the "Collateral" in the Third Amended Agreement (the "Collateral").

14. Rabo asserts that the lien on Collateral includes a lien on the equity interests in the Debtors held by Millenkamp.

15. Attached here as *Exhibit 1* is a copy of the Third Amended Agreement.

16. On March 20, 2025, Rabo issued a notice informing parties of its plan to sell certain property by public sale to occur on May 6, 2025 (the "March 20 Notice" and the sale contemplated thereby, the "Sale"). The property subject to the Sale includes all interests of William Millenkamp ("Bill Millenkamp"), Susan Millenkamp ("Susie Millenkamp"), the WBM 2012 Trust and the SJM 2012 Trust (together the "Equity Interests") in the ownership (shares or memberships) of each of the Debtors in the bankruptcy cases.

COMPLAINT FOR DECLARATORY RELIEF – Page 5

17. A copy of the March 20 Notice is attached here as *Exhibit 2*.

18. On April 2, 2025, Rabo issued an Amended Notice (the "April 2 Notice"), containing the same sale information, but indicating that the sale would be conducted by Beacon Management Advisors as auctioneer.

19. A copy of the April 2 Notice is attached here as *Exhibit 3*.

20. On April 6, 2025, Rabo issued, on behalf of Millenkamp by virtue of an alleged Power of Attorney provision in the Third Amended Agreement, certain "Unanimous Written Consents" of the members and managers of Millenkamp Family, LLC (the "April 6 Consents").

21. Copies of the April 6 Consents are attached here as *Exhibit 4*.

22. Millenkamp Family, LLC, is governed by an Operating Agreement dated December 26, 2012.

23. A copy of the Millenkamp Family LLC Operating Agreement is attached here as *Exhibit 5*.

24. Rabo was provided a copy of the Millenkamp Family LLC Operating Agreement prior to the time the Third Amended Agreement was executed.

25. The April 6 Consents done by Rabo violate the terms of the Millenkamp Family LLC Operating Agreement.

26. On April 25, 2025, Rabo issued a Second Amended Notice (the "April 25 Notice" and, together with the April 2 Notice and March 20 Notice, the "Notices"), containing similar information about the pending sale, but moving the sale date to May 28, 2025.

27. A copy of the April 25 Notice is attached here as *Exhibit 6.*

28. The Debtor, through Millenkamp with the help of others, will spend a large amount of time fulfilling the reporting requirements of the Chapter 11 case, interacting with legal counsel

COMPLAINT FOR DECLARATORY RELIEF – Page 6

in person or by email, preparing for and attending court hearings, depositions and other meetings, managing the obligations under the bankruptcy Court's orders, furthering the confirmation and implementation of the Chapter 11 Plan, and promoting the successful reorganization of the Debtor. Millenkamp's time and attention will be needed to achieve confirmation of the Plan.

29. Additionally, as the Plan is based in large part on income derived from the continued operation of the Debtors, Millenkamp will also be intimately involved in continued operations.

## COUNT 1
## INJUNCTIVE RELIEF

30. The Debtor filed its Chapter 11 Case on April 2, 2024, and is working towards the confirmation of a Chapter 11 Plan.

31. The Debtors assert that its proposed Plan meets all requirements of the Bankruptcy Code, including a 100% payment of allowed claims through reorganization of the outstanding debts owed by the Debtors.

*__The Debtors' Reorganization will suffer irreparable harm without injunctive relief__*

32. Rabo's liquidation of the equity interests will divert Bill's time and deprive him of the ability to focus on operating the Debtors in a way to maximize value for creditors at a time when Bill's time and attention are essential to the success of the Debtors' reorganization and the Debtors' success. The Debtors will remain able to propose and confirm a plan only with Bill's continued and full attention. Bill's roles cannot be duplicated by anyone else or by any administration by the Chief Restructuring Officer, Robert Marcus.

COMPLAINT FOR DECLARATORY RELIEF – Page 7

33. The Debtors' ability to confirm a plan will be jeopardized by distracting Bill's time and attention with continued pursuit of the sales of his and Susie's interests, including any post-sale litigation regarding the management and operations of the Debtors.

34. Continued pursuit of the sales will severely impact the Chapter 11 proceedings and frustrate Debtors' ability to successfully reorganize. An unsuccessful reorganization will likely lead to a forced and hurried liquidation that will defeat the interests of all of Debtors' creditors.

### *The balance of hardships to the parties weighs in favor of the entry of injunctive relief*

35. If the Court enters the requested injunctive relief, Rabo would continue to retain the position it enjoyed at the commencement of the Bankruptcy Case, and would only be stayed from conducting the sale for several weeks, until the pending confirmation hearing is done.

36. Debtors anticipate that the Fourth Amended Chapter 11 Plan adequately and fairly provides for Rabo's claim (to the extent it is allowed by this Court).

37. The best option for Rabo to be paid is through a confirmed Chapter 11 Plan, rather than through piecemeal collection of whatever potential assets Millenkamp may possess.

38. Absent the grant of injunctive relief, the Debtors are at risk of not confirming a Chapter 11 Plan, which would be a substantial hardship on the Debtors and potentially risk all ongoing operations and the ability to pay any creditors.

39. The Debtors rely on Bill's efforts for its continued income and maximization of value from the Debtors' assets (which will be necessary to fund any Chapter 11 Plan) therefore, Rabo's continued pursuit of the sale (and subsequent litigation regarding ownership rights) is a purely tactical move to pressure the Debtors and it has the potential to work an inequitable effect in the bankruptcy case.

***The public interest is served by the granting of injunctive relief***

40. Society at large, as well as the local economy in Jerome, Gooding, Twin Falls and Cassia Counties, benefits from the successful reorganization of these Chapter 11 Debtors. In this case, the continued and reorganized operation of the Debtors would be much more beneficial to the local economy than a piecemeal liquidation of assets. Further, there are a number of other local businesses which rely on the Debtors for their continued operations – if the Debtors discontinue operations, those companies would likely also fail.

41. The interests of <u>all</u> of Debtors' creditors are better served by the entry of the requested injunctive relief.

## COUNT 2
## OBJECTION TO CLAIM

42. Rabo has filed a Proof of Claim in the Debtors' bankruptcy case. (See Case No. 24-40158-NGH, Claim No. 97).

43. Rabo's Proof of Claim includes amounts for pre-petition interest (at both default and non-default rates) and professional fees.

44. The Debtors object to the calculation of pre-petition interest included in Rabo's Proof of Claim.

45. The Debtors further object to the reasonableness of the professional fees included in Rabo's Proof of Claim.

## ATTORNEY FEES AND COSTS

46. The Debtors and Millenkamp have incurred costs and expenses to pursue its claims against Rabo in this adversary proceeding, including attorney fees. The Debtors and Millenkamp are entitled to an award of attorney fees and expenses pursuant to the parties' agreement and/or applicable Idaho law for the costs and expenses of pursuing this lawsuit.

COMPLAINT FOR DECLARATORY RELIEF – Page 9

**PRAYER FOR RELIEF**

WHEREFORE, the Debtors and Millenkamp pray for relief against Rabo as follows:

1. On Count One, for an order temporarily enjoining Rabo from performing any UCC sale of the Plaintiffs' equity interests until the Debtors' Fourth Amended Plan of Reorganization is confirmed and becomes effective;

2. On Count Two, for an order disallowing Rabo's Proof of Claim above the amount determined by this court to be reasonably owed by the Debtors to Rabo;

3. For an award of reasonable attorney fees and costs incurred in pursuing this lawsuit and the Idaho state case; and

4. For such other relief as to the Court may seem just and equitable.

DATED this 2nd day of May, 2025.

                                                 /s/ Matt Christensen
                                    MATTHEW T. CHRISTENSEN
                                    Attorney for Debtor in Possession

DATED this 2nd day of May, 2025.

                                               /s/ Alex Caval
                                    ALEXANDRA CAVAL
                                    Attorney for Bill & Susie Millenkamp