# EXHIBIT 4

# MILLENKAMP FAMILY LLC

## UNANIMOUS WRITTEN CONSENT
## OF
## MANAGERS

The undersigned attorney-in-fact of the managers (the "**Managers**") of Millenkamp Family LLC, an Idaho limited liability company (the "**Company**"), acting by unanimous written consent without a meeting, does hereby consent to the adoption of the following resolutions as of this April 6, 2025:

WHEREAS, the Company is governed by the Operating Agreement of the Company, dated as of December 26, 2012 (the "**Operating Agreement**"), among the existing members of the Company (the "**Existing Members**");

WHEREAS, each of the Managers is an Existing Member;

WHEREAS, the Company and the Existing Members are party to that certain Third Amended and Restated Loan and Security Agreement, dated as of April 21, 2021 (as amended from time to time, the "**Loan Agreement**"), among the Company, the Existing Members, Millenkamp Cattle, Inc., Idaho Jersey Girls LLC, East Valley Cattle, LLC, Millenkamp Properties, L.L.C., Millenkamp Properties II LLC, Goose Ranch LLC, Idaho Jersey Girls Jerome Dairy LLC, Black Pine Cattle LLC, Millenkamp Enterprises LLC, the financial institutions listed on the signature pages thereof and each other financial institution that may thereafter become a party thereto, and Rabo Agrifinance LLC, as Agent for the lenders and secured parties, as sole lead arranger and as a lender under the Loan Agreement (the "**Agent**");

WHEREAS, each Existing Member is an "Obligor" (as defined in the Loan Agreement);

WHEREAS, under Section 4.6 of the Loan Agreement, during the continuance of a "Matured Default" (as defined in the Loan Agreement), the Obligors designate and appoint the Agent (and all Persons designated by the Agent) as the Obligors' true and lawful attorney-in-fact, with power, in the Obligors' or Agent's name, to do all acts and things which are necessary, in Agent's sole discretion, to sell, transfer or otherwise obtain the proceeds of any Collateral (as defined in the Loan Agreement) or otherwise to fulfill the Obligors' obligations under the Loan Agreement;

WHEREAS, the power of attorney granted under the Section 4.6 of the Loan Agreement is coupled with an interest and is therefore irrevocable and the undersigned attorney-in-fact is relaying on these resolutions in connection with such power of attorney;

296455740.2

WHEREAS, a Matured Default has occurred and is continuing under the Loan Agreement;

WHEREAS, the membership interests of the Company owned by the Existing Members constitute "Collateral" under the Loan Agreement and the Existing Members own beneficially and of record all of the issued and outstanding membership interests of the Company as of the date hereof;

WHEREAS, the Agent, as attorney-in-fact for the Existing Members pursuant to Section 4.6 of the Loan Agreement, desires to cause the foreclosure on and sale of the outstanding membership interests of the Company (the "**Company Interest Sale**");

WHEREAS, Section 8.1 of the Operating Agreement provides that, except for a "Permitted Transfer" (as defined in the Operating Agreement"), Company interest holders are prohibited from selling, transferring or disposing of their Company interests;

WHEREAS, in accordance with Section 8.2(a)(v) of the Operating Agreement, a sale of Company interests to a transferee that is not a "Millenkamp Heir" (as defined in the Operating Agreement) will constitute a Permitted Transfer if it is approved by all of the Existing Members;

WHEREAS, in accordance with Section 3.3 of the Operating Agreement, no transferee of Company membership interests may be admitted as a "Member" (as defined in the Operating Agreement) without the consent of all Existing Members;

WHEREAS, Section 8.4 of the Operating Agreement specifies conditions that must be satisfied for a sale, transfer or disposition of Company interests to be deemed a Permitted Transfer (the "**Permitted Transfer Conditions**"); and

WHEREAS, Section 12.4 of the Operating Agreement provides that the Operating Agreement may not be amended or modified without the consent of Existing Members owning at least sixty-six percent (66%) of the Company interests owned by all Existing Members.

**NOW THEREFORE BE IT RESOLVED**, that the Company Interest Sale be, and hereby is, approved by the Managers; and it is further

**RESOLVED**, that admission of each purchaser of Company interests pursuant to the Company Interest Sale as a Member entitled to "Economic Rights," "Information Rights" and "Voting Rights" (as such terms are defined in the Operating Agreement) be, and hereby is, approved by the Managers; and it is further

**RESOLVED**, that the Permitted Transfer Conditions be, and hereby are, waived by the Managers and are of no further force and effect with respect to, and shall not apply to, the Company Interest Sale; and it is further

RESOLVED, that the Managers shall not hereafter amend, modify or supplement the Operating Agreement in any manner, or take any other action, that would or would be reasonably likely to frustrate, hinder or delay the Company Interest Sale or that is otherwise inconsistent with the foregoing resolutions, without the prior written consent of the undersigned attorney-in-fact; and it is further

RESOLVED, that any and all actions heretofore taken in furtherance of the matters authorized or contemplated by the foregoing resolutions by or on behalf of t the Managers be, and they hereby are, ratified, approved and confirmed; and it is further

RESOLVED, that the authority and power given hereunder shall be deemed retroactive and any and all acts authorized hereunder performed prior to the passage of these resolutions be, and they hereby are, ratified, approved and confirmed.

This Written Consent, to the extent executed and delivered by means of an e-mail of a PDF file containing an executed copy hereof (or signature page thereto), shall be treated in all respects and for all purposes as an original instrument and shall have the same binding legal effect as if it were the original signed version hereof.

The undersigned directs that an executed copy of this Written Consent, including all counterparts, be filed with the minutes of the proceedings of the Managers of the Company.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has duly executed this Written Consent as of the date first written above.

RABO AGRIFINANCE LLC
(as Attorney-in-Fact for William John Millenkamp and Susan Jo Millenkamp)

By: *Michael Hayes*
Name: Michael Hayes
Title: VP

Sworn to before me this 7th day of April, 2025:

_____
Notary

Erik T Beltz
Notary Public
Minnesota
My Commission Expires January 31, 2028

[WRITTEN CONSENT SIGNATURE PAGE]

## MILLENKAMP FAMILY LLC

## UNANIMOUS WRITTEN CONSENT
## OF
## MEMBERS \

The undersigned attorney-in-fact of the members (the "**Existing Members**") of Millenkamp Family LLC, an Idaho limited liability company (the "**Company**"), acting by unanimous written consent without a meeting pursuant to Section 30-25-407 of the Idaho Limited Liability Company Act and Section 4.2(e) of the Operating Agreement of the Company, dated as of December 26, 2012 (the "**Operating Agreement**"), does hereby consent to the adoption of the following resolutions as of this April 6, 2025:

**WHEREAS**, the Company and the Existing Members are party to that certain Third Amended and Restated Loan and Security Agreement, dated as of April 21, 2021 (as amended from time to time, the "**Loan Agreement**"), among the Company, the Existing Members, Millenkamp Cattle, Inc., Idaho Jersey Girls LLC, East Valley Cattle, LLC, Millenkamp Properties, L.L.C., Millenkamp Properties II LLC, Goose Ranch LLC, Idaho Jersey Girls Jerome Dairy LLC, Black Pine Cattle LLC, Millenkamp Enterprises LLC, the financial institutions listed on the signature pages thereof and each other financial institution that may thereafter become a party thereto, and Rabo Agrifinance LLC, as Agent for the lenders and secured parties, as sole lead arranger and as a lender under the Loan Agreement (the "**Agent**");

**WHEREAS**, each Existing Member is an "Obligor" (as defined in the Loan Agreement);

**WHEREAS**, under Section 4.6 of the Loan Agreement, during the continuance of a "Matured Default" (as defined in the Loan Agreement), the Obligors designate and appoint the Agent (and all Persons designated by the Agent) as the Obligors' true and lawful attorney-in-fact, with power, in the Obligors' or Agent's name, to do all acts and things which are necessary, in Agent's sole discretion, to sell, transfer or otherwise obtain the proceeds of any Collateral (as defined in the Loan Agreement) or otherwise to fulfill the Obligors' obligations under the Loan Agreement;

**WHEREAS**, the power of attorney granted under the Section 4.6 of the Loan Agreement is coupled with an interest and is therefore irrevocable and the undersigned attorney-in-fact is relaying on these resolutions in connection with such power of attorney;

**WHEREAS**, a Matured Default has occurred and is continuing under the Loan Agreement;

296455739.2

**WHEREAS**, the membership interests of the Company owned by the Existing Members constitute "Collateral" under the Loan Agreement and the Existing Members own beneficially and of record all of the issued and outstanding membership interests of the Company as of the date hereof;

**WHEREAS**, the Agent, as attorney-in-fact for the Existing Members pursuant to Section 4.6 of the Loan Agreement, desires to cause the foreclosure on and sale of the outstanding membership interests of the Company (the "**Company Interest Sale**");

**WHEREAS**, Section 8.1 of the Operating Agreement provides that, except for a "Permitted Transfer" (as defined in the Operating Agreement"), Company interest holders are prohibited from selling, transferring or disposing of their Company interests;

**WHEREAS**, in accordance with Section 8.2(a)(v) of the Operating Agreement, a sale of Company interests to a transferee that is not a "Millenkamp Heir" (as defined in the Operating Agreement) will constitute a Permitted Transfer if it is approved by all of the Existing Members;

**WHEREAS**, in accordance with Section 3.3 of the Operating Agreement, no transferee of Company membership interests may be admitted as a "Member" (as defined in the Operating Agreement) without the consent of all Existing Members;

**WHEREAS**, Section 8.4 of the Operating Agreement specifies conditions that must be satisfied for a sale, transfer or disposition of Company interests to be deemed a Permitted Transfer (the "**Permitted Transfer Conditions**"); and

**WHEREAS**, Section 12.4 of the Operating Agreement provides that the Operating Agreement may not be amended or modified without the consent of Existing Members owning at least sixty-six percent (66%) of the Company interests owned by all Existing Members.

**NOW THEREFORE BE IT RESOLVED**, that the Company Interest Sale be, and hereby is, approved by the Existing Members in accordance with Section 8.2(a)(v) of the Operating Agreement; and it is further

**RESOLVED**, that admission of each purchaser of Company interests pursuant to the Company Interest Sale as a Member entitled to "Economic Rights," "Information Rights" and "Voting Rights" (as such terms are defined in the Operating Agreement) be, and hereby is, approved by the Existing Members in accordance with Section 3.3 of the Operating Agreement; and it is further

**RESOLVED**, that the Permitted Transfer Conditions be, and hereby are, waived by the Existing Members and are of no further force and effect with respect to, and shall not apply to, the Company Interest Sale; and it is further

**RESOLVED**, that the Existing Members shall not hereafter amend, modify or supplement the Operating Agreement in any manner, or take any other action, that would or would be reasonably likely to frustrate, hinder or delay the Company Interest Sale or that is otherwise inconsistent with the foregoing resolutions, without the prior written consent of the undersigned attorney-in-fact; and it is further

**RESOLVED**, that any and all actions heretofore taken in furtherance of the matters authorized or contemplated by the foregoing resolutions by or on behalf of the Members be, and they hereby are, ratified, approved and confirmed; and it is further

**RESOLVED**, that the authority and power given hereunder shall be deemed retroactive and any and all acts authorized hereunder performed prior to the passage of these resolutions be, and they hereby are, ratified, approved and confirmed.

This Written Consent, to the extent executed and delivered by means of an e-mail of a PDF file containing an executed copy hereof (or signature page thereto), shall be treated in all respects and for all purposes as an original instrument and shall have the same binding legal effect as if it were the original signed version hereof.

The undersigned directs that an executed copy of this Written Consent, including all counterparts, be filed with the minutes of the proceedings of the Members of the Company.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has duly executed this Written Consent as of the date first written above.

                                              RABO AGRIFINANCE LLC
(as Attorney-in-Fact for William John Millenkamp, Susan Jo Millenkamp, The WJM 2012 Trust and the SJM 2012 Trust)

By: *Michael Hayes*
Name: Michael Hayes
Title: VP

Sworn to before me this 7th day of April, 2025:

_____
Notary

Erik T Beltz
Notary Public
Minnesota
My Commission Expires January 31, 2028

[WRITTEN CONSENT SIGNATURE PAGE]